739 F.2d 354
 UNITED STATES of America, Appellee,
v.
EIGHTEEN THOUSAND FIVE HUNDRED AND FIVE DOLLARS, and TEN
CENTS ($18,505.10); One White Gold Dinner Ring with 13
Diamonds; One White Gold Ring with 14 Diamonds; One Yellow
Gold Rose Pendant with One Diamond; Two Yellow Gold Stud
Earrings with One Diamond Each; 13 U.S. Savings
Bonds--$25.00 Denomination; 4 Gun Cases; One Schwab Safe,
Serial No. 58885; 4 Holsters; 2 Realistic CB Handy Talkie
Radio; One Polaroid Camera; One Olympus 35mm Camera No.
15377; One Brown Camera Case Containing: One Vivitar Zoom
Lens No. 2253-2110 and One Vivitar Automatic Tele-Converter;
One Black Camera Case Containing: One XL 250 Movie Light
and One GAF Movie Camera; 12 Foreign Coins and Two Tokens,
Charles H. Gill, Jr., and Vera Gill, Appellants.
 No. 83-1564.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 10, 1984.
Decided July 18, 1984.
Rehearing and Rehearing En Banc Denied Aug. 16, 1984.
 
 Ellyn L. Sternfield, Wolff & Frankel, Clayton, Mo., for appellants.
 Thomas E. Dittmeier, U.S. Atty., St. Louis, Mo., Susan Sleater, Atty., Appellate Staff, Civil Division, U.S. Dept. of Justice, Washington, D.C., for appellee.
 Before ROSS and ARNOLD, Circuit Judges, and HARRIS, District Judge.*
 ROSS, Circuit Judge.
 
 
 1
 This is an appeal by Charles and Vera Gill, Jr. from a judgment ordering forfeiture of certain property[1] on the grounds that the items seized were used in violation of 21 U.S.C. Sec. 881(a)(6) (Supp. IV 1980).[2] The parties consented to trial before a United States magistrate[3] and he held that all the defendant items were subject to forfeiture. We affirm.
 
 
 2
 The two major issues raised in this appeal are:
 
 
 3
 1) whether the delay of the government in instituting the forfeiture action violated claimants' right to due process, and
 
 
 4
 2) whether 28 U.S.C. Sec. 636(c) (Supp. IV 1980)[4] utilized by the parties to consent to trial and judgment before a United States magistrate is constitutional.
 
 
 5
 On August 16, 1979, a St. Louis state circuit judge issued a warrant authorizing a search of claimants' residence based upon the application and affidavits of two St. Louis police officers. The affidavits stated that based on information from a confidential informant and their own independent investigation they had reason to believe there were narcotics in the residence. That afternoon the St. Louis police officers executed the search warrant and found a small amount of cocaine, marijuana, and the items listed in the title of this case, in claimants' residence. Charles Gill, Jr. was taken to the police station along with the items found. He later made a statement[5] that most of the items seized belonged to his father. (Charles Gill, Sr. was later arrested for drug violations and is presently serving a 25-year sentence.) Charges of possession of cocaine and marijuana were filed against Gill, Jr. in the St. Louis City Circuit Court on August 20, 1979. The defendant property was held by the state authorities as evidence. Nolle prosequi dismissals of the charges were entered on August 27, 1981, and March 24, 1982. On September 30 and October 1, 1981, the state gave custody and control of the seized items to the Drug Enforcement Administration (DEA). About three weeks later on October 22, 1981, the government instituted this action for forfeiture of the seized items.
 
 
 6
 In United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850), 461 U.S. 555, 103 S.Ct. 2005, 2012, 76 L.Ed.2d 143 (1983) the Supreme Court held that the balancing test of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) developed to determine when government delay has abridged the right to a speedy trial, provides the relevant framework for determining whether the delay in filing a forfeiture action was reasonable. The Barker test includes a weighing of four factors: length of delay, the reason for the delay, the claimant's assertion of his rights, and prejudice to the defendant. 407 U.S. at 530; $8,850, supra, 461 U.S. at 555, 103 S.Ct. at 2012 (1983).
 
 
 7
 Applying the Barker balancing factors to this case the focus is on the length of the delay. The claimants contend that the property was seized on August 16, 1979, and the forfeiture proceeding was not brought until October 22, 1981, a delay of 26 months. In support of their position claimants cite five cases in which delays of 9 months to 22 months were fatal to the forfeiture.[6] However, these cases are distinguishable from the instant case in that in each case the seizure was originally made by the federal government (seizures by customs agents, government seizure under the Tariff Act, and seizure by the Bureau of Narcotics and Dangerous Drugs). The seizure here was by the municipal police and the items were held for about 25 months as evidence against the claimants. The district court found that the DEA took custody and control of the items on September 30 and October 1, 1981. We agree and conclude that there was a delay of only three weeks after the property was in the custody of the federal government.
 
 
 8
 The second element to be considered is the reason for the delay. Here, the property was being held as evidence in a pending criminal proceeding. In $8,850, supra, the Court said:
 
 
 9
 Pending criminal proceedings present similar justifications for delay in instituting civil forfeiture proceedings. A prior or contemporaneous civil proceeding could substantially hamper the criminal proceeding, which--as here--may often include forfeiture as part of the sentence. A prior civil suit might serve to estop later criminal proceedings and may provide improper opportunities for the claimant to discover the details of a contemplated or pending criminal prosecution. Compare Fed.R.Civ.P. 26(b) with Fed.R.Crim.P. 16. In some circumstances, a civil forfeiture proceeding would prejudice the claimant's ability to raise an inconsistent defense in a contemporaneous criminal proceeding.
 
 
 10
 461 U.S. at ----; 103 S.Ct. at 2013.
 
 
 11
 The third element to be considered is the claimants' assertion of their rights. Appellants have not clearly expressed what possible rights they had to the property while it was being held as evidence.
 
 
 12
 The final factor is whether the claimant has been prejudiced by the delay. Prejudice in this context refers to a delay which results in the inability of claimants to adequately defend their case. $8,850, supra, 461 U.S. at ----, 103 S.Ct. at 2014; United States v. Lovasco, 431 U.S. 783, 789-90, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); United States v. Marion, 404 U.S. 307, 324-25, 92 S.Ct. 455, 465-66, 30 L.Ed.2d 468 (1971). There is nothing in the record to convince us that the delay prejudiced the claimants.
 
 
 13
 In this case the balance of the factors indicates that the government actions did not violate the claimants' due process.
 
 
 14
 In addition, we reaffirm the constitutionality of 28 U.S.C. Sec. 636(c). For a thorough discussion of this issue and our decision regarding the constitutionality of 28 U.S.C. Sec. 636(c), see Lehman Brothers Kuhn Loeb, Inc. v. Clark Oil and Refining Corp., 739 F.2d 1313 (8th Cir. 1984). We have reviewed the remaining issues raised in claimants' brief and conclude that they are without merit.
 
 
 
 *
 The Honorable Oren Harris, Senior Judge, United States District Court for the Eastern District of Missouri
 
 
 [1]
 The property consisted of $18,505.10; 2 white gold dinner rings; 1 pendant; 1 set of earrings; 13 United States Savings Bonds; 4 gun cases; 1 safe; 4 holsters; 2 CB radios; 3 cameras; 1 zoom lens; 1 teleconverter; 1 camera case; 1 movie light; 1 movie camera; 12 foreign coins and 2 tokens
 
 
 [2]
 (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
 (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.
 
 
 [3]
 David D. Noce, United States Magistrate for the Eastern District of Missouri
 
 
 [4]
 28 U.S.C. Sec. 636(c) (Supp. IV 1980) provides in part:
 (c) Notwithstanding any provision of law to the contrary--
 (1) Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. Upon the consent of the parties, pursuant to their specific written request, any other part-time magistrate may exercise such jurisdiction, if such magistrate meets the bar membership requirements set forth in section 631(b)(1) * * *.
 
 
 [5]
 This statement was found admissible into evidence on the ground that Gill, Jr. voluntarily initiated the conversation and that there was no evidence that the officers induced him to incriminate himself through coercion, misrepresentation, threats, promises, or unfair influence
 
 
 [6]
 United States v. One Motor Yacht Named Mercury, 527 F.2d 1112 (1st Cir.1975) (12 1/2 months); Sarkisian v. United States, 472 F.2d 468 (10th Cir.), cert. denied, 414 U.S. 976, 94 S.Ct. 291, 38 L.Ed.2d 219 (1973) (9 months); United States v. Eight Rhodesian Stone Statues, 449 F.Supp. 193 (C.D.Cal.1978) (16 months); United States v. A Quantity of Gold Jewelry, 379 F.Supp. 283 (C.D.Cal.1974), aff'd in relevant part, 554 F.2d 1072 (9th Cir.1977) (22 months); United States v. One 1971 Opel G.T., 360 F.Supp. 638 (C.D.Cal.1973) (13 1/2 months)