**UNITED STATES of America, Appellee,**

v.

**Mark Daniel MOORE, Appellant.**

**No. 86–2548.**

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1987.

Decided June 26, 1987.

not participate in the vote on suggestion for rehearing *en banc.*

Philip M. Moomaw, Asst. Federal Public Defender, Springfield, Mo., for appellant.

Michael A. Jones, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Mark Daniel Moore pleaded guilty to interstate kidnapping and stolen vehicle charges. His subsequent motion to withdraw the pleas was denied and he was sentenced to life imprisonment plus five years on the kidnapping charge, and to five years on the stolen vehicle charge. A mandatory assessment fee was also imposed for each charge. Moore appeals, and for reversal he argues that (1) the district court[1] did not have jurisdiction to sentence him and (2) the court erred in denying his motion to withdraw the guilty pleas. We affirm.

The charges to which Moore pleaded guilty stem from an incident that occurred in Springfield, Missouri on July 10, 1985 while Moore was on parole from the state of Arizona for a 1980 armed robbery, kidnapping, and sexual assault conviction. Moore, pretending to be interested in pur-

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

chasing a house, persuaded two Springfield female realtors to show him a vacant house. While in the house, Moore used a .45 caliber pistol to rob the women of their cash. He then tied up one of the women, left her in the house, took her car and the other woman, and drove to Tulsa, Oklahoma, where the woman managed to escape.

Two days later, federal prosecutors filed a felony complaint charging Moore with interstate kidnapping and use of a firearm therein. On August 1, 1985, Moore was arrested in Minnesota on robbery charges. On August 2, twenty-one days after the federal complaint was filed, Greene County, Missouri filed kidnapping, robbery, and armed criminal action charges against Moore for the Springfield incident. On August 20, a federal indictment was issued charging Moore with interstate transportation of a stolen vehicle, possession of a firearm by a convicted felon, and interstate kidnapping and using a firearm therein.

The federal district court issued a writ of habeas corpus ad prosequendum to Minnesota authorities. Before the writ was honored, however, Moore pleaded guilty to the Minnesota charges, was sentenced, and extradited to Arizona. In Arizona, Moore pleaded guilty to state felony charges and was sentenced to consecutive life sentences. The district court issued another writ of habeas corpus ad prosequendum, this time to Arizona authorities.

While at the Arizona State Prison, Moore executed a document labeled "Agreement on Detainers: Form II," agreeing to be returned to Greene County, Missouri to dispose of the state charges. Moore was transferred to Springfield pursuant to the federal writ of habeas corpus and prosequendum to appear in federal court, where he pleaded guilty to the interstate stolen vehicle and kidnapping charges.

While awaiting sentence, Moore was transferred back and forth from federal prison to Missouri state court for appearances on the state charges. Thereafter, Moore filed a motion to withdraw his federal guilty pleas. The motion was denied and Moore was sentenced on the federal charges. This appeal followed.

On appeal, Moore contends that the federal district court lost jurisdiction to sentence him because prior to sentencing he was transferred back and forth between federal and state custody in violation of the Interstate Agreement on Detainers Act (IADA). We need not address the issue whether transferring Moore between federal and state custody in the circumstances of this case violated the IADA, however, because we hold that the IADA is inapplicable here. Moore was transferred from Arizona to federal custody in Missouri pursuant to a writ of habeas corpus ad prosequendum. Such a writ does not constitute a detainer for purposes of the IADA. *United States v. Mauro*, 436 U.S. 340, 349, 98 S.Ct. 1834, 1841–42, 56 L.Ed.2d 329 (1978). When, as in this case, the government secures the presence of a state prisoner by means of the writ without filing a detainer, the IADA is inapplicable. *Id.* at 364 n. 30, 98 S.Ct. at 1849 n. 30 (the government is bound by the IADA only when it has filed a detainer). Therefore, Moore is not entitled to relief on this ground.

Moore also contends that the district court erred in denying his motion to withdraw his guilty pleas. When, as in this case, the motion is made before the sentence is imposed, the district "court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason" for such withdrawal. Fed.R. Crim.P. 32(d). We will reverse a court's denial of a motion to withdraw only for an abuse of discretion. *United States v. Picone*, 773 F.2d 224, 225 (8th Cir.1985). Moore argues that his motion should have been granted because the government's prosecution of this case is inconsistent with the "Petite Policy" and because the federal government has manipulated the state criminal justice system to achieve the equivalent of a second prosecution. We disagree.

Although we question whether the Petite Policy is applicable in this case, *see United States v. Hadley*, 671 F.2d 1112, 1116 (8th Cir.1982) (the policy is inap-

plicable where the government does not urge its application and where state prosecution is not completed before the federal conviction), we hold that Moore is not entitled to relief on this ground because the policy is strictly internal and confers no substantive rights on the accused. *United States v. Staples,* 747 F.2d 489, 491 (8th Cir.1984); *Delay v. United States,* 602 F.2d 173, 178 (8th Cir.1979), *cert. denied,* 444 U.S. 1012, 100 S.Ct. 660, 62 L.Ed.2d 641 (1980). Nor is Moore entitled to relief on his manipulation claim, which is based on the narrow exception to the dual sovereignty doctrine carved out in *Bartkus v. Illinois,* 359 U.S. 121, 123–24, 79 S.Ct. 676, 678, 3 L.Ed.2d 684 (1959) (a second prosecution is barred where one prosecuting sovereign can be said to be acting as a "tool" of the other or where the second prosecution amounts to a "sham and a cover" for the first prosecution). The record here demonstrates nothing more than mere cooperation between the federal government and Missouri authorities, which cooperation the Court in *Bartkus* explicitly approved. *Id.* at 123, 79 S.Ct. at 678. Therefore, the district court did not abuse its discretion in denying Moore's motion to withdraw his guilty pleas.

Accordingly, we affirm.