**UNITED STATES of America, Plaintiff,**

v.

**ONE PARCEL OF PROPERTY LOCATED AT 1606 BUTTERFIELD ROAD, DUBUQUE, IOWA, Defendant.**

No. C 90–1012.

United States District Court,
N.D. Iowa, E.D.

Oct. 8, 1991.

Martin J. McLaughlin, Asst. U.S. Atty., Cedar Rapids, Iowa, for U.S.

Leo A. McCarthy, Dubuque, Iowa, for defendant Harvest Sav. Bank.

Brian J. Kane, Michael J. Gau, Dubuque, Iowa, for defendant John Joseph Bly.

Michael F. Harrington, Legal Services Corp. of Iowa, Cedar Rapids, Iowa, Kevin G. Magee, Legal Services Corp. of Iowa, Dubuque, Iowa, for Judy Ann Bly.

### ORDER

HANSEN, District Judge.

This matter is before the court on plaintiff's resisted motion for summary judgment, filed March 1, 1991; claimants Judy Bly and John Bly's unresisted request for oral argument, filed June 10, 1991; claimant Judy Bly's motion, filed September 19, 1991, to file supplemental brief in support of resistance to plaintiff's motion for summary judgment; and claimant John Bly's motion, filed September 23, 1991, to join claimant Judy Bly's motion to file a supplemental brief.

### I. MOTION FOR ORAL ARGUMENTS

Plaintiff is seeking to forfeit the property of claimants under 21 U.S.C. § 881(a)(7), subject only to the interest of Harvest Savings Bank. Both plaintiff and claimants have submitted lengthy and thorough briefs addressing the motion for summary judgment. Further oral arguments on this issue are not necessary. Therefore, this

court will deny the motion for oral argument.

## II. MOTIONS TO FILE SUPPLEMENTAL BRIEF

Claimant Judy Bly's motion, filed September 19, 1991, to file a supplemental brief in support of her resistance to plaintiff's motion for summary judgment, and claimant John Bly's motion, filed September 23, 1991, to join claimant Judy Bly's motion to file a supplemental brief will be granted.

## III. MOTION FOR SUMMARY JUDGMENT

■ A motion for summary judgment may be granted only if, after examining all of the evidence in the light most favorable to the nonmoving party, the court finds that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. *Kegel v. Runnels*, 793 F.2d 924, 926 (8th Cir.1986). Once the movant has properly supported its motion, the nonmovant "may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The nonmovant "may not simply rest on the hope of discrediting the movant's evidence at trial." *Matter of Citizens Loan & Sav. Co.*, 621 F.2d 911, 913 (8th Cir.1980). "To preclude the entry of summary judgment, the nonmovant must show that, on an element essential to [its] case and on which [it] will bear the burden of proof at trial, there are genuine issues of material fact." *Noll v. Petrovsky*, 828 F.2d 461, 462 (8th Cir.1987), *cert. denied*, 484 U.S. 1014, 108 S.Ct. 718, 98 L.Ed.2d 668 (1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Although "direct proof is not required to create a jury question, ... to avoid summary judgment, 'the facts and circumstances relied upon must attain the dignity of substantial evidence and must not be such as merely to create a suspicion.'" *Metge v. Baehler*, 762 F.2d 621, 625 (8th

Cir.1985), *cert. denied*, 474 U.S. 1057, 106 S.Ct. 798, 88 L.Ed.2d 774 (1986) (quoting *Impro Products, Inc. v. Herrick*, 715 F.2d 1267, 1272 (8th Cir.1983), *cert. denied*, 465 U.S. 1026, 104 S.Ct. 1282, 79 L.Ed.2d 686 (1984)). In applying these standards, the court must give the nonmoving party the benefit of all reasonable inferences to be drawn from the evidence. *Krause v. Perryman*, 827 F.2d 346, 350 (8th Cir.1987).

■ The relevant statute provides for the forfeiture of property "which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of this title punishable by more than one year's imprisonment." 21 U.S.C. § 881(a)(7). The government bears the initial burden of proving probable cause that the property was used to commit or facilitate a felony violation of Title 21. *United States v. $91,960.00*, 897 F.2d 1457, 1462 (8th Cir.1990) (citations omitted). Once probable cause is established, "the burden shifts to the claimant to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture, or that a defense to forfeiture exists." *Id.* (quoting *One Blue 1977 AMC Jeep CJ-5 v. United States*, 783 F.2d 759, 761 (8th Cir.1986)).

### A. Probable Cause

■ Probable cause exists where a reasonable belief of guilt is supported by more than a mere suspicion but less than prima facie proof. *Id.* (citing *United States v. $22,287.00, United States Currency*, 709 F.2d 442, 446–47 (6th Cir.1983)).

■ The facts establishing probable cause that the property was used to commit or facilitate a felony violation of Title 21 in this case are not in dispute. Both claimants and their guests consumed drugs at the defendant property. *See* plaintiff's brief in support of summary judgment, filed April 5, 1991, at 3. Before 1986, Roy Eckwood frequently purchased cocaine and marijuana from John Bly at the defendant property. *See id.* Also on the property, Renee Eckwood bought marijuana from claimants often and consumed illegal drugs with Judy Bly. *See id.* During 1988, Rox-

anne Waters received marijuana from Judy Bly and saw drug transactions and consumption take place at the defendant property. *See id.* at 3–4. On March 17, 1988, police officers searched the defendant property pursuant to a search warrant and found both drugs and drug paraphernalia. *See id.* at 4. On October 27, 1989, Judy Bly pled guilty and was sentenced for possession with intent to deliver a schedule I controlled substance (marijuana). *See id.* at 5. On December 21, 1989, a jury returned a guilty verdict against John Bly on five of the seven counts charged against him. *See id.* He was convicted and sentenced for the following crimes: sponsoring a gathering where controlled substances were unlawfully used; delivery of a schedule II controlled substance (cocaine); possession with intent to deliver a schedule I controlled substance (marijuana); delivery of a schedule I controlled substance (marijuana); knowingly keeping or permitting the keeping of a premises, dwelling, or building which is resorted to by persons using controlled substances. *See id.* The state court conviction and guilty plea under Iowa Code § 204.401, which uses essentially the same statutory language found in 21 U.S.C. § 841, is strong proof of a felony violation of Title 21.[1] Summary judgment on the issue of probable cause will be granted.

### B. Affirmative Defenses

■ To prevail over the government's proof of probable cause, claimants must prove "by a preponderance of the evidence that the property is not subject to forfeiture, or that a defense to forfeiture exists." *$91,960.00,* 897 F.2d at 1462 (quoting *One Blue 1977 AMC Jeep CJ-5 v. United States,* 783 F.2d 759, 761 (8th Cir.1986)). Claimants have raised thirteen affirmative defenses to the proposed forfeiture in their answer, filed July 10, 1990. The government asserts summary judgment is appropriate on each defense raised by claimants.

### 1. Homestead Exemption Under State Law

Claimants assert several defenses relating to the assertion that the defendant property is exempt as a homestead and not subject to forfeiture. The federal forfeiture statute encompasses "[a]ll real property, including any right, title, and interest ... in the whole of any lot, tract of land and any appurtenance or improvements" used in the commission of a felony under Title 21. 21 U.S.C. § 881(a)(7). Section 881(h) states that "all right, title, and interest of property described in subsection (a) of this section shall vest in the United States upon the commission of the act giving rise to forfeiture under this section." Under Iowa law, however, a homestead, as defined in Iowa Code Chapter 561, cannot be forfeited pursuant to the Iowa forfeiture statute, Iowa Code Chapter 809, even when it has facilitated an illegal drug transaction. *In re Property Seized from Bly,* 456 N.W.2d 195 (Iowa 1990). *Bly* did not involve the federal forfeiture statute, 21 U.S.C. § 881. The *Bly* court noted that it "appears that a state law homestead would be forfeitable under federal law analogous to Iowa Code Chapter 809. *See* 21 U.S.C. § 881(a)(7)." *Bly,* 456 N.W.2d at 198 n. 4.

Claimants' first and fourth defenses are essentially questions of preemption. Claimants' first defense is that the relevant preemption statute, 21 U.S.C. § 903, precludes the federal government from forfeiting property that is not forfeitable under Iowa law. In their fourth defense, claimants assert that because Iowa law addresses homestead rights and federal law does not, the court should follow Iowa law with respect to forfeiture of a homestead.

■ The federal forfeiture statute addresses the issue of preemption in the following provision:

federal drug laws, *see United States v. Stieren,* 608 F.2d 1135, 1137 n. 2 (8th Cir.1979), the provisions in 21 U.S.C. § 841 are very similar to the provisions in Iowa Code § 204.401.

---

**1.** The provisions in Iowa Code § 204.401 are based upon the Uniform Controlled Substances Act. *See Cassidy v. Wheeler,* 224 N.W.2d 649, 651–54 (Iowa 1974). Because the Uniform Controlled Substances Act was modeled after the

No provision of this subchapter shall be construed as indicating an intent on the part of Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and the State law so that the two cannot consistently stand together.

21 U.S.C. § 903. Where a positive conflict exists, the Supremacy Clause requires the application of federal law. The federal law requiring the forfeiture of *all* real property, 21 U.S.C. §§ 881(a)(7) and 881(h), is in conflict with the state law allowing forfeiture for all property except for homestead property, *In re Property Seized from Bly,* 456 N.W.2d 195 (Iowa 1990). To carve out an exception for homestead under federal law would negate the plain meaning of the federal statute and frustrate its purpose. The only manner in which the federal law can be interpreted consistent with state law is to find that the exemption of homestead applies only to state forfeiture proceedings. *See United States v. Alston,* 717 F.Supp. 378, 381 (M.D.N.C.1989), *aff'd* 902 F.2d 267 (4th Cir.1990). Under either approach of analysis, federal law requires all property used in the commission of a felony violation of Title 21 to be forfeited.

The Supreme Court has reached an analogous conclusion under the criminal federal forfeiture provision. *See United States v. Monsanto,* 491 U.S. 600, 606–11, 109 S.Ct. 2657, 2662–64, 105 L.Ed.2d 512 (1989). The *Monsanto* Court held that the broad language in 21 U.S.C. § 853(a), "shall forfeit ... any property," precluded the exemption of assets used to pay an attorney. *Id.* The Court emphasized that:

> The statutory provision at issue here is broad and unambiguous, and Congress' failure to supplement § 853(a)'s phrase— "any property"—with an exclamatory "and we even mean assets to be used to pay an attorney" does not lessen the force of the statute's plain language.

*Id.* at 609, 109 S.Ct. at 2663. Claimants attempt to distinguish this case from *Mon-santo* because the preemption statute is broader in the criminal forfeiture statutes. Preemption, however, was not even a factor in the *Monsanto* Court's interpretation of the statutory language in § 853(a). The language of § 881(a)(7), "[t]he following shall be subject to forfeiture ... [a]ll real property," is similar in breadth to the broad language used in § 853(a), "shall forfeit ... any property." Therefore, the Court's interpretation in *Monsanto* does have some relevance in interpreting § 881. By analogy to *Monsanto,* the reference to "all real property" without the exclamatory "and we even mean real property exempt under state law" does not lessen the force of § 881(a)'s plain language. The broad and unambiguous language appears to encompass real property that is exempt under state law.

Claimants argue, however, that two courts of appeals have applied state law when interpreting 21 U.S.C. § 881. Both of the cases cited by claimants involve the effect of tenancy by the entirety upon the federal exception from the forfeiture statute for those with innocent ownership. *See United States v. Certain Real Property Located at 2525 Leroy Lane, West Bloomfield, Michigan,* 910 F.2d 343 (6th Cir. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1414, 113 L.Ed.2d 467 (1991); *United States v. One Single Family Residence Without Buildings Located at 15621 S.W.2d 209th Avenue, Miami, Florida,* 894 F.2d 1511 (11th Cir.1990). Both cases involved one spouse that used the property for a felony violation of Title 21 and one spouse who was innocent of such violations. *See Certain Real Property,* 910 F.2d at 345; *One Single Family Residence,* 894 F.2d at 1514. The issue was whether the innocent owner retained an interest in the property when the other spouse's interest was subject to federal civil forfeiture. *See Certain Real Property,* 910 F.2d at 346–48; *One Single Family Residence,* 894 F.2d at 1514. Both courts found that the applicable state law applied and the innocent owner retained an interest in the entire property. *See Certain Real Property,* 910 F.2d at 349; *One Single*

*Family Residence*, 894 F.2d at 1515. The Supreme Court has long held that property ownership and interests have been defined by state and not federal law. *One Single Family Residence*, 894 F.2d at 1517 (citations omitted). The issue in the present case, however, is distinguishable. The issue is whether the property interest is subject to forfeiture and not whether a property interest exists. While property law is left to the state, forfeiture has been a matter addressed by Congress. The Controlled Substances Act, which was passed pursuant to Congress's commerce power, *see* 21 U.S.C. § 801, includes both a criminal and civil forfeiture provision, *see* 21 U.S.C. §§ 853 and 881. The interpretation of § 881(a)'s plain language that "all real property" may be forfeited is a matter of federal and not state law.

Claimants also cite a bankruptcy case, *In re Johnson*, 880 F.2d 78 (8th Cir.1989), to support the contention that state homestead exemptions are applicable in interpreting federal statutes. The bankruptcy case, however, is clearly distinguishable from the present case because the bankruptcy statute expressly allows incorporation of state law. *See* 11 U.S.C. § 522(b)(2).

■ This court finds that the state homestead exemption is not applicable in this federal civil forfeiture proceeding. Consequently, plaintiff's motion for summary judgment on the first and fourth defenses raised by claimants will be granted.

■ Claimants' next argument, raised in their sixth defense, is that the Tenth Amendment to the Constitution precludes the preemption of the state's homestead exemption in federal forfeitures. Claimants rely upon *United States v. Yazell*, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966), as support for the contention that family property law should prevail over federal interests. *Yazell* involved the collection of a Small Business Administration loan to an individual which the Court described as "a custom-made, hand-tailored, specifically negotiated transaction." *Id.* at 348, 86 S.Ct. at 504. The *Yazell* Court expressly did not "consider the question of the constitutional power of the Congress to override state law in these circumstances by direct legislation." *Id.* at 352, 86 S.Ct. at 506. Consequently, the Court's decision in *Yazell* does not establish the claimants' contention based upon the Tenth Amendment.

■ The Tenth Amendment reserves powers to the states only to the extent that the Constitution has not divested such powers. *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 549, 105 S.Ct. 1005, 1017, 83 L.Ed.2d 1016 (1985). The Commerce Clause does not contain any limitation on Congress's action with respect to the states. *Id.* at 547, 105 S.Ct. at 1016 (citing *EEOC v. Wyoming*, 460 U.S. 226, 248, 103 S.Ct. 1054, 1066, 75 L.Ed.2d 18 (1983)). The Commerce Clause is interpreted broadly to include activities that in some manner affect interstate commerce. *See Wickard v. Filburn*, 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122 (1942); *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937). Claimants do not point to any evidence that the federal forfeiture law is not properly within Congress's commerce clause power. Absent any such proof, the power to govern forfeitures has not been reserved exclusively to the states under the Tenth Amendment. Therefore, plaintiff's motion for summary judgment on the sixth defense raised by claimants will be granted.

### 2. Res Judicata

■ Claimants' third defense is that this federal forfeiture action is precluded by res judicata. The doctrine of res judicata provides that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (quoting *Southern Pac. R.R. Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897)). A nonparty may be bound in subsequent litigation if it directed or controlled the prior litigation. *Id.* at 154–55, 99 S.Ct. at 974.

■ The issue decided in *In re Property Seized from Bly*, 456 N.W.2d 195 (Iowa 1990), was whether claimants' homestead could be forfeited pursuant to the Iowa forfeiture statute, Iowa Code Chapter 809. The parties involved in the state case were claimants and the State of Iowa. Claimants argue that the "same parties or their privies" are involved in the present federal case because of involvement of Attorney Gallagher and Detective Fessler in both cases. Claimants appear to allege that this fact establishes the control and direction of prior litigation by the United States. This court, however, need not resolve that issue to determine whether res judicata applies. The state court decision in *Bly* did not involve the federal forfeiture statute, 21 U.S.C. § 881. Furthermore, the *Bly* court itself noted that it "appears that a state law homestead would be forfeitable under federal law analogous to Iowa Code Chapter 809. *See* 21 U.S.C. § 881(a)(7)." *Bly*, 456 N.W.2d at 198 n. 4. This court agrees that the applicability of the state homestead exemption to the federal forfeiture statute constitutes a different issue than its applicability to the state forfeiture statute. Consequently, plaintiff's motion for summary judgment on the third defense raised by claimants will be granted.

### 3. Petite Policy

■ Claimants assert in their supplemental brief that the *"Petite* Policy" precludes subsequent federal prosecution. The *Petite* policy is an internal policy of the Department of Justice against federal prosecution after termination of a state proceeding based on the same act unless there is a compelling federal need to do so. *See United States v. Bartlett*, 856 F.2d 1071, 1075 (8th Cir.1988). The Eighth Circuit has previously rejected this argument raised by claimants.

> [W]e have no hesitancy in concluding that [defendant]'s argument that the federal government has violated the *Petite* policy is lacking in merit. This circuit has consistently held that the *Petite* policy confers no substantive rights on the accused. The enforcement of the policy lies with the Attorney General, 'and an individual defendant cannot avoid prosecution on the basis of this policy.'

*United States v. Staples*, 747 F.2d 489, 491 (8th Cir.1984) (citations omitted); *see also Bartlett*, 856 F.2d at 1075; *United States v. Moore*, 822 F.2d 35, 38 (8th Cir.1987). Furthermore, this court questions its applicability of the policy to civil forfeitures. Therefore, plaintiff's motion for summary judgment with respect to this issue will be granted.

### 4. Doctrine of Election of Remedies

■ Claimants assert as their seventh defense that the doctrine of election of remedies bars this proceeding. The doctrine of election of remedies provides that a litigant who asserted one claim for relief in a judicial proceeding is precluded from advancing another claim for relief that is inconsistent in subsequent litigation. 1B *Moore's Federal Practice* para. 0.405[7] (2d ed. 1990). The Eighth Circuit further explained the doctrine in *Kansas State Bank v. Citizens Bank of Windsor*, 737 F.2d 1490 (8th Cir.1984).

> "A confusing congeries of doctrines have been lumped together under the election of remedies label." ... The first application represents the requirement that a party choose among cumulative statutory or common law rights. This is essentially a preemption question.... A second and related use of the doctrine is to prevent double recovery for a single injury.... Finally, the election doctrine has been used to prevent parties from pleading inconsistent forms of relief. This application has been eviscerated by the permissive rules of pleading under Fed.R.Civ.P. 8(a) and 8(e).

*Id.* at 1498-99 (citations omitted). This doctrine is harsh and not favored by the courts. *Lear v. Equitable Life Assurance Soc'y of the United States*, 798 F.2d 1128, 1134 (8th Cir.1986), *cert. denied*, 479 U.S. 1066, 107 S.Ct. 953, 93 L.Ed.2d 1001 (1987). The doctrine will not be applied where there is no substantial prejudice. *Id.* Furthermore, the doctrine should be applied cautiously to the government because the United States is not bound by unauthorized

acts of its agents. *Goldstein v. United States*, 227 F.2d 1, 4 (8th Cir.1955).

■ The actions for forfeiture were brought by separate sovereigns. The State of Iowa unsuccessfully sought forfeiture of the defendant property pursuant to Iowa Code Chapter 809. The United States is now seeking forfeiture of the defendant property pursuant to 21 U.S.C. § 881.

The crux of claimants' argument appears to be that because Mr. Gallagher serves as both an Assistant County Attorney for Dubuque County and a Special Assistant of the United States Attorney for the Northern District of Iowa, the United States may be found to have elected the remedy under state law. The evidence indicates that Mr. Gallagher's authority as a special federal prosecutor was limited. Mr. Gallagher has testified that he could proceed on a federal court case only if he received authorization from the United States Attorney. *See* appendix 1 to claimants' brief in resistance to motion for summary judgment, filed June 10, 1991, at 10, 12–13. Claimants maintain that a material factual dispute exists on this point but provide no evidence indicating a differing set of facts. Claimants appear to "rest on the hope of discrediting the movant's evidence at trial." *See Matter of Citizens Loan & Sav. Co.*, 621 F.2d at 913. No evidence has been presented indicating that authorization by the United States Attorney was given until shortly before the federal proceeding was commenced.

■ Furthermore, each of the state and federal governments has the power, inherent in any sovereign, to enforce its laws and to independently pursue actions based on the same facts, "and in doing so each 'is exercising its own sovereignty, not that of the other.'" *See United States v. Wheeler*, 435 U.S. 313, 320, 98 S.Ct. 1079, 1084, 55 L.Ed.2d 303 (1978) (citation omitted). The possible exception to this doctrine of dual sovereignty, existent when a state action is a sham and a cover for the federal action, is not established merely by proving cooperation between the state and federal governments. *See Bartkus v. Illinois*, 359 U.S. 121, 124, 79 S.Ct. 676, 678, 3 L.Ed.2d 684 (1959); *Moore*, 822 F.2d at 38. Allowing one individual to serve as a prosecutor for both the state and federal governments establishes only cooperation between the state and federal governments and does not transform the state proceeding into a "sham prosecution" on behalf of the federal government. *United States v. Paiz*, 905 F.2d 1014, 1024 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1319, 113 L.Ed.2d 252 (1991); *see also United States v. Bernardt*, 831 F.2d 181 (9th Cir.1987) (remanding and reversing a finding of sham prosecution as a matter of law where one individual was responsible for both prosecutions and where state funded both proceedings); *United States v. Padilla*, 589 F.2d 481, 484 (10th Cir.1978) (finding no error to allow federal prosecutor, who had been a state prosecutor when defendant's plea agreement had been entered, to prosecute federal case against same defendant); *but cf. United States v. Belcher*, 762 F.Supp. 666 (W.D.Va.1991) (finding sham prosecution where prosecutor simultaneously derived power from both the state and federal governments).

Because the Eighth Circuit views the sham prosecution exception as a "narrow" one, *see Moore*, 822 F.2d at 38, and because the doctrine of election of remedies is not favored, *see Lear*, 798 F.2d at 1134, this court finds that Mr. Gallagher's involvement with both the state and federal governments does not bar the present federal action under the doctrine of election of remedies. Plaintiff's summary judgment motion on the seventh defense raised by claimants will be granted.

### 5. Due Process

Claimants raise several due process arguments. In the second defense raised in their answer, claimants assert that their Fifth Amendment rights were violated because of undue delay by the federal government. Claimants argue in their fifth defense that § 881 violates due process because it fails to provide a preseizure notice and hearing and because it is vague, ambiguous, and overbroad.

## A. Undue Delay in Initiation of These Proceedings

The relevant statute of limitations requires that a forfeiture proceeding be commenced within five years. 19 U.S.C. § 1621. A due process concern is not raised by a delay prior to the actual seizure of the property. *United States v. 1979 Mercury Cougar*, 545 F.Supp. 1087, 1091 (D.Colo.1982) (citing *O'Reilly v. United States*, 486 F.2d 208, 210 (8th Cir.), *cert. denied*, 414 U.S. 1043, 94 S.Ct. 546, 38 L.Ed.2d 334 (1973)). A preseizure notice and hearing is not required in a federal forfeiture case. *United States v. One 1980 Red Ferrari*, VIN ZFFAA02A6A0032333, Iowa License No. UAY914, 875 F.2d 186, 189 (8th Cir.1989). Due process may be implicated by undue postseizure delay. *See United States v. $18,505.10*, 739 F.2d 354 (8th Cir.1984). Whether due process has been violated by undue delay is determined by weighing the length of the delay, the reason for the delay, the claimants' assertion of their rights, and prejudice to the claimants. *Id.* at 356 (citing *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)).

In the present case, the State of Iowa seized the defendant property pursuant to Iowa Code §§ 809.7 and 809.8 on March 23, 1989. *See* plaintiff's brief in support of summary judgment, filed April 5, 1991, at 5. The state court, after a hearing on the matter, determined that the property was forfeited under the state statutes. *See id.* On May 23, 1990, however, the Supreme Court of Iowa reversed the lower court and found that the state forfeiture statutes were still subject to the state homestead exemption. *See id.* at 6. On June 11, 1990, a complaint was filed in this court pursuant to the federal civil forfeiture statute. *See id.* The Assistant County Attorney for Dubuque County, Timothy Gallagher, Esq., and a detective for the Dubuque City Police Department, Thomas Fessler, were involved in both the state and federal forfeitures. *See* claimants' brief in support of resistance to motion for summary judgment, filed June 10, 1991, at 21. Claimants assert federal involvement with the case must begin with the forfeiture in March 1988, because Mr. Gallagher was a Special Assistant to the United States Attorney for the Northern District of Iowa, and Mr. Fessler was and has been a Special Deputy to the Federal Drug Task Force since 1988. *See id.*

The first factor is the length of the delay. *$18,505.10*, 739 F.2d at 356. Claimants assert that the relevant time period to consider in determining undue delay is from March 1988 to June 1991. Claimants cite *United States v. One Motor Yacht Named Mercury*, 527 F.2d 1112 (1st Cir. 1975), in which 12½ months was held to be an undue delay. The Eighth Circuit Court of Appeals has distinguished this case and other similar cases on the basis that the seizures were "originally made by the federal government." *$18,505.10*, 739 F.2d at 356. A 26–month delay from when the state seized the property and a federal forfeiture complaint was filed has been held not to violate due process. *Id.* at 356. Regardless of the relationship Mr. Gallagher and Mr. Fessler had with the federal government at the time, the parties do not dispute that the original action was brought on behalf of the State of Iowa, and the federal government was not a party to that action. As discussed above, this relationship does not establish an exception to the dual sovereignty doctrine. Therefore, the relevant period of time is when the federal government seized the defendant property on June 12, 1990, *see* No. 90–31M, seizure warrant and warrant of arrest in rem, filed June 11, 1990, and the filing of the federal complaint on June 11, 1990. No delay existed between the seizure and the commencement of forfeiture. Therefore, claimants' due process rights were not violated.

The remaining three factors do not prove a violation of due process, especially when viewed in light of the short length of delay. The second factor that the court must consider is the reason for delay. *$18,505.10*, 739 F.2d at 356. Here, the delay was because of state proceedings that continued until within one month of the commencement of the federal proceeding. Third, the claimants' assertion of rights is relevant.

*Id.* Claimants have continuously asserted their rights to the property throughout both the state and federal proceedings. Finally, whether the claimants have been prejudiced by the delay is a factor. *Id.* Claimants have not specified any prejudice that resulted from the delay. Any showing of prejudice that claimants might have presented is mitigated by the fact that the United States has not requested that claimants vacate the property. *See United States v. 2401 S. Claremont, Independence, Mo.,* 724 F.Supp. 670, 673 n. 3 (W.D.Mo.1989). These four factors demonstrate that due process was satisfied in this case.

 Claimants also raise a due process argument based upon the duty of a federal agent to report a seizure immediately to an agency and for the administrative agency to timely begin forfeiture proceedings. Claimants assert that failure of timely performance of this duty gives rise to a due process violation. The statutes pertaining to customs seizure and forfeiture are applicable in a forfeiture case under § 881 to the extent they are not inconsistent. *See* 21 U.S.C. § 881(d). Under customs law, any person authorized by law to make seizures "for violation of the customs laws" must report such a seizure immediately, 19 U.S.C. § 1602, and the forfeiture proceedings must be timely commenced, 19 U.S.C. § 1604. The analogy that claimants are presumably making is that any person authorized by law to make seizures for a felony violation of Title 21 must report such a seizure immediately and that forfeiture proceedings be timely commenced. Here, the original seizure was made for a violation of state law by agents acting on behalf of the state and was not made for a violation of federal law by agents acting for the federal government. Therefore, the procedural duties statutorily required for such a seizure are determined by state law, not by 19 U.S.C. §§ 1602 et seq. Claimants do not allege that the duties imposed by Iowa were not followed nor that the process by which the federal government adopted the state seizure and forfeiture was improper. This court does not find claimants' due process argument based upon statutory duties persuasive. Consequently, plaintiff's motion for summary judgment on the second defense raised by claimants will be granted.

### B. Lack of Preseizure Notice and Overbreadth

 In the fifth defense raised in claimants' answer, they argue that § 881 violates due process because it fails to provide a preseizure notice and hearing and because it is vague, ambiguous, and overbroad. The first issue has already been resolved by the Eighth Circuit when it held that "[i]t is settled law ... that there is no requirement of preseizure notice and hearing in a federal forfeiture case." *See One 1980 Red Ferrari,* 875 F.2d at 189 (citations omitted). Nothing in the court's language indicates support for claimants' argument that the holding in *One 1980 Red Ferrari* was limited to mobile personal property and excluded application to real estate. Consequently, this court finds that preseizure notice and hearing is not required for the forfeiture of real estate under § 881.

 The Supreme Court has set forth the analysis applicable in overbreadth and vagueness claims.

> In a facial challenge to the overbreadth and vagueness of a law, a court's first challenge is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications.

*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–95, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1983) (footnotes omitted). Typically, the overbreadth doctrine is only utilized in evaluating laws regulating conduct protected by the first amendment. *See Central Hudson Gas & Elec. v. Public Serv.*

*Comm'n,* 447 U.S. 557, 565 n. 8, 100 S.Ct. 2343, 2351 n. 8, 65 L.Ed.2d 341 (1980). Claimants assert that properties legitimately acquired, but used to facilitate a felony violation of Title 21, are inappropriately encompassed by the federal forfeiture statute. Claimants, however, fail to explain how using properly acquired real estate to facilitate drug transactions is constitutionally protected conduct. This court finds that the statute is not overbroad.

Claimants next argue that the words "interests" and "facilitate" in the federal forfeiture statute render it ambiguous and unconstitutionally vague. Section 881(a)(7) provides for the forfeiture of "[a]ll real property, including any right, title, and interest ... in the whole of any lot, tract of land and any appurtenance or improvements" used in the commission of a felony under Title 21. Claimants assert that this provision does not adequately identify which "interests" are subject to forfeiture. The language, however, clearly states *all* interests in real property are forfeitable. Claimants next assert that the term "facilitate" in the statute providing for the forfeiture of all real property used "to facilitate the commission" of a felony violation under Title 21 is vague. The term "facilitate" in the federal forfeiture statute has been interpreted consistently with its plain meaning to include conduct that makes a prohibited activity "less difficult or 'more or less free from obstruction or hindrance.'" *United States v. Premises Known as 3639–2nd Street, N.E., Minneapolis, Minnesota,* 869 F.2d 1093, 1096 (8th Cir.1989) (citations omitted). This court finds the federal civil forfeiture statute not ambiguous and unconstitutionally vague on its face nor in its application in this case. Therefore, plaintiff's motion for summary judgment on the fifth defense raised in claimants' answer will be granted.

### 6. Eighth Amendment

Claimants' answer asserts as an eighth defense that the forfeiture constitutes an excessive fine in violation of the Eighth Amendment. The Eighth Circuit has indicated civil forfeitures are not criminal punishments.

Forfeiture actions are clearly civil actions against property, and not criminal actions against an individual defendant. As noted by the Supreme Court in *One Lot Emerald Cut Stones and One Ring v. United States,* 409 U.S. 232, 236, 93 S.Ct. 489, 492, 34 L.Ed.2d 438 (1972), Congress can prescribe both criminal and civil penalties for the same offense, and "[t]he fact that the sanctions [are] ... separate and distinct ... is relevant in determining the character of the forfeiture."

*United States v. One 1982 Chevrolet Crew–Cab Truck VIN 1GCHK33-M9C143129,* 810 F.2d 178, 183 (8th Cir. 1987). For violations of Title 21, Congress provided for criminal forfeiture, 21 U.S.C. § 853, and for civil forfeiture, 21 U.S.C. § 881. This case involves a civil forfeiture.

Other circuit courts addressing this issue have "uniformly held that the Eighth Amendment does not apply to civil *in rem* actions, since they are remedial in nature and not punishments for crimes." *United States v. On Leong Chinese Merchants Ass'n Bldg.,* 918 F.2d 1289, 1296 (7th Cir. 1990), *cert. denied,* — U.S. —, 112 S.Ct. 52, 116 L.Ed.2d 29 (1991); *see United States v. Real Property and Residence at 3097 S.W. 111th Ave., Miami, Florida,* 921 F.2d 1551, 1556–57 (11th Cir.1991) (forfeiture under § 881(a)(7) is not disproportionate). Even if the Eighth Amendment is applicable to civil *in rem* forfeiture actions, the Supreme Court decisions involving double jeopardy indicate that such an application is available in only limited circumstances. The Supreme Court has held that a subsequent *in rem* action for forfeiture that is designated by Congress as a civil action may violate the Double Jeopardy Clause only upon "the clearest proof" that the effect of the forfeiture is punitive. *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 365, 104 S.Ct. 1099, 1106, 79 L.Ed.2d 361 (1984). Although "a civil remedy does not rise to the level of punishment merely because Congress provided for civil recovery in excess of the Government's actual damages," it

may constitute punishment if the penalty is "so extreme and so divorced from the Government's damages and expense." *United States v. Halper*, 490 U.S. 435, 442, 109 S.Ct. 1892, 1898, 104 L.Ed.2d 487 (1989). The civil forfeiture of a house used to facilitate numerous violations of Title 21 is not "so extreme" that it establishes with "the clearest proof" that the forfeiture constitutes punishment rather than remedial action. Consequently, plaintiff's motion for summary judgment on the eighth defense raised by claimants will be granted.

### 7. Application of the Statute

■■ The claimants raise as a ninth defense in their answer that "no substantial connection" exists between the defendant property and the violation of Title 21. A similar defense is raised in the tenth defense contained in claimants' answer, alleging that "the mere situs of alleged criminal activity" cannot be forfeited. The Eighth Circuit, however, held that if an individual makes a house " 'available as a situs for an illegal drug transaction,' " then a substantial connection exists and the property may be forfeited under § 881(a)(7). *United States v. Premises Known as 3639–2nd Street, N.E., Minneapolis, Minnesota*, 869 F.2d 1093, 1096 (8th Cir.1989) (citations omitted). As noted by the Supreme Court of Iowa, "Blys' homestead was the hub of significant drug-trafficking activity over an extended period of time." *Bly*, 456 N.W.2d at 197 n. 2. Therefore, plaintiff's summary judgment motion on the ninth and tenth defenses will be granted.

■■ Claimants raise as their thirteenth defense that forfeiture under 21 U.S.C. § 881(a)(7) is not applicable where claimants have neither been charged nor convicted of a criminal violation under Title 21. The plain language of the statute does not require the property owner to be either charged or convicted under Title 21. The language in the statute provides for the forfeiture of real property that is used to commit "or to facilitate the commission of a violation of this title punishable by more than one year's imprisonment." 21 U.S.C. § 881(a)(7). The language clearly indicates that in the civil forfeiture action, the government only needs to prove a felony violation of Title 21. Even a prior criminal adjudication of the property owner's innocence will not preclude such a forfeiture. *See One Blue 1977 AMC Jeep CJ–5, VIN J783EA076436 v. United States*, 783 F.2d 759 (8th Cir.1986). Although claimants have not been charged or convicted under Title 21, both claimants were sentenced for violations of Iowa Code § 204.401. As explained above, Iowa Code § 204.401 is very similar to a Title 21 felony, 21 U.S.C. § 841. Violation of Iowa Code § 204.401, therefore, is strong evidence of a felony violation of Title 21. Consequently, plaintiff's summary judgment motion on the thirteenth defense will be granted.

### 8. Appointed Counsel

■■ Claimants advance, as their eleventh defense, the argument that § 881 requires that claimants receive court appointed counsel if they are indigent. Claimants do not appear to resist plaintiff's motion for summary judgment on this defense. Plaintiff correctly points out that claimants appear to have never requested counsel in this proceeding. Furthermore, this is a civil matter and counsel is provided for criminal matters. *See* 18 U.S.C. § 3006A. The "full panoply of constitutional protections afforded criminal defendants is not available in the context of such forfeiture proceedings." *One 1982 Chevrolet*, 810 F.2d at 183. Therefore, plaintiff's unresisted motion for summary judgment on the eleventh defense will be granted.

### 9. Unreasonable Search & Seizure

■■ Claimants assert as their twelfth defense the claim that an unreasonable search and seizure precludes the present forfeiture. "Evidence derived from a search in violation of the Fourth Amendment is inadmissible in a forfeiture proceeding." *United States v. Thirteen Thousand Dollars in United States Currency*, 733 F.2d 581, 584 (8th Cir.1984) (citing *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 702, 85 S.Ct. 1246, 1251, 14 L.Ed.2d 170 (1965)). Claimants assert that this is a factual determination

that should be made after a hearing on the issue. Issue preclusion appears to alleviate the need for a hearing in this case because such a hearing was made before the criminal state court on this issue. Following a hearing on a motion to suppress in Criminal Case No. 16356, the state court entered an order, filed July 11, 1989, granting the motion to suppress certain items found by Officer Schneider and denying the motion in all other respects. *See* appendix 2 to claimants' brief in resistance to motion for summary judgment, filed June 10, 1991, at 3. The suppressed items are a box containing a small scale, a bottle containing Inositol, an unlabeled prescription bottle containing pills, a baggie containing white pills, and a purse and its contents. *Id.* This court did not rely on such evidence in its finding of probable cause. Because sufficient evidence indicating probable cause exists well beyond the evidence suppressed, this forfeiture action may be maintained. Therefore, plaintiff's summary judgment motion on the twelfth defense will be granted.

### ORDER:

Accordingly, It Is Ordered:

1. Claimants' request for oral argument, filed June 10, 1991, is denied.

2. Claimant Judy Bly's motion, filed September 19, 1991, to file a supplemental brief in support of her resistance to plaintiff's motion for summary judgment, and claimant John Bly's motion, filed September 23, 1991, to join claimant Judy Bly's motion to file a supplemental brief are granted. The clerk is directed to file the supplemental brief attached to claimant Judy Bly's motion, filed September 19, 1991.

3. Plaintiff's motion for summary judgment, filed March 1, 1991, is granted. Plaintiff shall submit a proposed order of forfeiture within fourteen (14) days of the date of this order.