91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Eugene ALLEN, Defendant-Appellant.
 No. 94-30393.
 United States Court of Appeals, Ninth Circuit.
 Argued Sept. 15, 1995.
Submission Withheld Sept. 15, 1996.
Submitted Oct. 2, 1995.
Decided July 3, 1996.
 
 Before: SCHROEDER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We deal briefly with the contentions not disposed of in the published opinion filed today in this appeal, and affirm on all.
 
 CHALLENGES TO THE UNDERLYING CONVICTIONS
 
 3
 Allen contends that the double jeopardy clause bars prosecution on two counts because the counts involved conduct that had previously been the subject of state court prosecutions. In fact only count 47 is related to any prior prosecution. Regarding that count, double jeopardy principles do not bar a successive prosecution by a different sovereign, absent collusion, which did not occur here. See Bartkus v. Illinois, 359 U.S. 121, 131-35 (1959); United States v. Moore, 822 F.2d 35, 38 (8th Cir.1987).
 
 
 4
 Allen next contends that the superseding indictment violated the statute of limitations. However, the superseding indictment made no material changes that could have deprived Allen of timely notice. On the counts involving mobile home credit applications, it simply corrected dates and purchase prices, and dropped five charges without adding new ones. On the four counts involving personal credit applications, it retained the allegations that Allen misrepresented his birth date and social security number, but added that he misrepresented his bankruptcy history. The change did not deprive defendant of timely notice of the essential nature of the fraud being charged, which was aimed at preventing the financial institution from learning his true identity and credit history. See United States v. Pacheco, 912 F.2d 297, 305 (9th Cir.1990).
 
 
 5
 For similar reasons, Allen was not prejudiced by the district court's refusal to grant a continuance after the return of the superseding indictment. The changes in the new indictment did not require extensive additional preparation for trial. See United States v. Rojas-Contreras, 474 U.S. 231, 234-36 (1985).
 
 
 6
 Allen next contends that the superseding indictment violated his rights under the double jeopardy clause because the government returned it after the jury had been sworn in and jeopardy had attached. The record reveals, however, that the second indictment was returned over a month before the jury was sworn in.
 
 
 7
 Allen claims that the district court improperly allowed the government to impeach him with his 1977 perjury conviction. This claim lacks merit for at least two reasons. First, defendant himself offered the perjury conviction on direct examination; and, he failed to argue that its probative value did not substantially outweigh its prejudicial effect. See Fed.R.Evid. 609(b). Second, even if the government had introduced evidence of the conviction, the probative value of a perjury conviction is so great that the district court would not have abused its discretion if it had ruled it admissible.
 
 
 8
 Allen claims that the district court improperly allowed the government to introduce summary testimony that vouched for its other witnesses. However, the record reveals that no improper vouching took place, see United States v. Simtob, 901 F.2d 799, 805 (9th Cir.1990); United States v. Roberts, 618 F.2d 530, 533 (9th Cir.1980), and that the documentary evidence was voluminous. Allowing the government to summarize this evidence was not an abuse of discretion.
 
 
 9
 Allen next challenges portions of the prosecutor's closing argument to which he did not object at trial. There was no plain error. See United States v. Feldman, 853 F.2d 648, 665 (9th Cir.1988), cert. denied, 489 U.S. 1030 (1989). The prosecutor's statements characterizing the appellant as a liar and thief were amply supported by evidence in the record.
 
 
 10
 Appellant argues that he was selectively prosecuted. However, he cannot support such a claim because he has not shown that others similarly situated were not prosecuted, or that his prosecution was based on an impermissible motive. See United States v. Bourgeois, 964 F.2d 935, 938 (9th Cir.), cert. denied, 506 U.S. 901 (1992). There is similarly no record to support appellant's additional claim of vindictive persecution.
 
 
 11
 Allen contends that the district court erred in refusing to dismiss count 27. However, the court's finding that the document related to a loan for a mobile home rather than an automobile required resolution of conflicting testimony, and was not clearly erroneous.
 
 
 12
 Finally, Allen claims that the government's failure to provide him with access to FBI interviews of his alleged victims prior to trial violated his discovery rights. However, the Jencks Act, 18 U.S.C. § 3500, gives the defendant a right to such statements only after the witnesses have testified on direct examination during trial. 18 U.S.C. § 3500(a). Thus, the government's failure to provide the requested materials prior to trial did not violate defendant's rights.
 
 CLAIMED SENTENCING ERRORS
 
 13
 Defendant argues that at the time of the illegal conduct, 18 U.S.C. § 1014 had a maximum penalty of 24 months. Thus, the court's 46-month sentence constituted an upward departure. Defendant misreads the statute. The maximum penalty under the statute at the time of the illegal conduct was 24 months per violation. Thus, defendant's maximum penalty was 70 years, not 24 months. The 46-month sentence was not an upward departure.
 
 
 14
 Defendant argues that the district court erred in its calculation of his criminal history because it included three 1977 state convictions. He is incorrect. U.S.S.G. § 4A1.2(e) states that
 
 
 15
 Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.
 
 
 16
 The fifteen-year period starts backward from the date the offense is committed, not, as defendant contends, from the date of the conviction. Defendant's offenses occurred between August 19, 1988 and October 25, 1989. His contested sentences were imposed on January 4, 1977; and he was incarcerated until September 18, 1978. Thus, his contested convictions are well within the fifteen year statutory period.
 
 
 17
 Allen contends that the district court failed to give him a copy of his presentence report, in violation of his rights under Fed.R.Crim.P. 32(c)(3)(A). However, defendant's sentence-by-sentence objections to the report reveal a highly detailed knowledge of the report's contents. Giving defendant a copy would not have changed his objections. Any error by the court, therefore, was harmless.
 
 
 18
 Allen next contends that the district court erred when it admitted testimony from Oregon police officer Davis. He claims that a plea agreement he entered into with the state of Oregon barred officer Davis from testifying to his prior crimes during the sentencing hearing. He also claims that Davis had no knowledge of the events discussed at the hearing.
 
 
 19
 Allen's contentions are without merit. First, there is no indication on the face of the agreement that it was provided by the state authorities referred to therein. Moreover, the agreement makes no reference to the federal government, and its scope appears to be limited to the state of Oregon. Second, David had personal knowledge of the crimes defendant disclosed. His affidavit clearly states that Allen disclosed the crimes to him during tape recorded interviews. Admission of this testimony was not an abuse of discretion.
 
 
 20
 Defendant argues that the district court erred when it failed to state specific reasons for imposing his sentence at a particular point in the range defined by the sentencing guidelines. His argument is meritless. Under 18 U.S.C. § 3553(c), the court must state in open court the reasons for its imposition of the particular sentence. This general requirement is satisfied when the court indicates the applicable guideline range, and how it was chosen. United States v. Georgdiadis, 933 F.2d 1219, 1223 (9th Cir.1991). A more specific statement is required only if the sentence imposed falls within a guideline range that exceeds 24 months, or falls outside of the range. 18 U.S.C. §§ 3553(c)(1) & (2). Defendant's sentence fell within the applicable guideline range, which did not exceed 24 months. There was therefore no requirement that the district court explain why it sentenced defendant at the upper end of the range.
 
 
 21
 The convictions and sentences, except as affected by our accompanying opinion in this appeal, are AFFIRMED.
 
 
 22
 AFFIRMED.
 
 
 23
 Because Judge REINHARDT would reverse for the reasons stated in the opinion filed concurrently herewith, he would not reach the issues resolved in this memorandum disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3