**UNITED STATES of America, Appellee,**

v.

**ONE 1980 RED FERRARI, VIN
ZFFAA02A6A0032333, IOWA
LICENSE NO. UAY914, Appellant.**

No. 88–2278.

United States Court of Appeals,
Eighth Circuit.

Submitted May 9, 1989.

Decided May 18, 1989.

Alfredo Parrish, Des Moines, Iowa, for appellant.

Kevin E. VanderSchel, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

PER CURIAM.

David Adcock appeals from the district court's [1] order granting summary judgment for the United States and ordering the forfeiture of Adcock's automobile which was allegedly used to facilitate criminal activity. The United States commenced the forfeiture proceeding pursuant to 21 U.S.C. § 881(a)(4) [2] following Adcock's arrest for possession of cocaine. The government claimed, and the district court found, that Adcock's vehicle was used or intended to be used to transport or facilitate the transportation, sale, receipt, possession or concealment of cocaine in violation of § 881(a)(4). Adcock's principal argument on appeal is that the government failed to satisfy its burden of demonstrating probable cause to believe that the vehicle was used in violation of the forfeiture statute. In addition, Adcock argues that (1) § 881(a)(4) and its Iowa counterpart are unconstitutional because they are vague and overbroad, authorizing unreasonable seizures in violation of the fourth amendment; (2) he was denied due process because he was not afforded a hearing on the seizure of the vehicle; and (3) the granting of the government's motion for summary judgment was improper because there are genuine issues of material fact. We find these contentions without merit, and affirm.

Adcock was arrested on July 22, 1987 by Des Moines police officers who had an outstanding warrant for his arrest for interference with official acts. At the time that the officers observed Adcock, he was driving the red Ferrari that is the subject of this case. Apparently upon noticing the officers, however, Adcock pulled into a service station and stopped. After the officers approached Adcock's vehicle and informed him of the outstanding warrant, he got out of the car, pulled a vial containing a white substance from his pocket and attempted to stuff the vial into a trash container. A brief struggle ensued before the officers retrieved the vial, which contained cocaine. Adcock was then placed under arrest and transported to the Polk County Jail. When he was checked into the jail, he was searched and a paper bindle containing cocaine was seized from his pocket. Adcock appeared in state court on February 17, 1988, and was found guilty of possession of cocaine in violation of Iowa Code § 204.401(3). He was fined $1,000.00.

Adcock's automobile was seized by the Des Moines Police Department at the time of his arrest. The United States filed a complaint for forfeiture in rem on December 1, 1987. Thereafter, in an order dated August 9, 1988, the district court granted the government's motion for summary judgment holding that, although Adcock contended that the forfeiture was inappropriate in the circumstances of this case because the controlled substance was found on his person rather than in the car independently, the caselaw upon which Adcock relied in support of this assertion was "not persuasive ... for in those cases controlled substances were discovered neither in the vehicle nor on the person of the individual in the car." The district court concluded that no genuine issue of material

---

1. The Honorable Charles R. Wolle, United States District Judge, Southern District of Iowa.

2. 21 U.S.C. § 881(a)(4) provides in relevant part that "[a]ll conveyances, including ... vehicles, ... which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances] ..." shall be subject to forfeiture.

fact existed for trial since (1) Adcock admitted that he was in possession of cocaine at the time that he was operating the vehicle; and (2) the vehicle facilitated the transportation, possession and concealment of the controlled substance as prohibited by 21 U.S.C. § 881(a)(4). This appeal followed.

As a preliminary matter, we note that forfeitures are not favored, and indeed the sparse legislative history of 21 U.S.C. § 881 indicates that the federal forfeiture statute is to be strictly construed. *See United States v. One 1976 Ford F–150 Pick–Up,* 769 F.2d 525, 526 n. 3, 527 (8th Cir.1985) (per curiam). This court delineated the showing that must be made in order for the government to prevail in an action for forfeiture brought pursuant to 21 U.S. C. § 881(a)(4) in *One Blue 1977 AMC Jeep CJ–5 v. United States,* 783 F.2d 759 (8th Cir.1986). There, the court stated that although the government bears the initial burden of going forward in a forfeiture proceeding, to meet this burden "it must establish only that reasonable grounds exist to believe that the [vehicle was] used or intended to be used for prohibited purposes." *Id.* at 761; *see also United States v. One 1976 Ford F–150 Pick–Up,* 769 F.2d at 526. Once this initial showing has been made, the burden shifts to the party opposing forfeiture to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture or that a defense to forfeiture exists. *One Blue 1977 AMC Jeep CJ–5,* 783 F.2d at 761. If no such rebuttal is made, a showing of probable cause alone will support a judgment of forfeiture. *Id.* "Probable cause" in this context is essentially the same as the standard used to test searches and seizures in the general criminal context. *United States v. One 1975 Mercedes 280S,* 590 F.2d 196, 199 (6th Cir.1978). Thus, here, it was incumbent upon the government to establish the presence of "a reasonable ground for belief of guilt supported by less than prima facie proof but more than mere suspicion." *United States v. One 1975 Ford F100 Pickup Truck,* 558 F.2d 755, 756 (5th Cir.1977).

■ Applying these principles in the case at hand, we are persuaded that the district court properly concluded that the government satisfied its burden of establishing that Adcock's vehicle was used in contravention of 21 U.S.C. § 881(a)(4); the undisputed evidence reflects that Adcock had cocaine in his possession while driving the Ferrari. Although Adcock argues that his mere possession of cocaine while in the vehicle is insufficient evidence that the vehicle was used in violation of the federal forfeiture statute, the express language of the statute indicates that the use of a vehicle "to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment" of a controlled substance warrants forfeiture. In light of this language, it is clear that Adcock's use of the Ferrari to transport the cocaine on his person constituted a violation of the forfeiture statute. Nor do we find merit in Adcock's related contention that the Ferrari should not be subject to forfeiture because Adcock was carrying only a small amount of contraband suitable for personal use. The "courts have uniformly held that a vehicle is subject to forfeiture no matter how small the quantity of contraband found." *United States v. One 1976 Porsche 911S,* 670 F.2d 810, 812 (9th Cir. 1979) (per curiam); *United States v. One 1974 Cadillac Eldorado Sedan,* 548 F.2d 421, 425 (2d Cir.1977) ("the transportation of any quantity of drugs however minute is admittedly sufficient to merit the forfeiture of the vehicle").

■ Adcock next argues that 21 U.S. C. § 881 and its Iowa counterpart, Iowa Code ch. 809, are unconstitutional because they are vague and overbroad, permitting seizures in violation of the fourth amendment. As indicated above, however, the federal forfeiture statute is in congruence with the fourth amendment because it requires a showing of probable cause. Likewise, the Iowa statute explicitly limits the type of property that may be seized to that taken in execution of a search or arrest warrant or a warrantless arrest, and further limits the seizure of such property to that obtained in violation of law; that unlawfully possessed; that used to commit or

conceal an offense; that subject to forfeiture under other statutory provisions; and that relevant as evidence in a criminal prosecution. Iowa Code § 809.1. Given these limitations, we do not believe that either section challenged by Adcock can be said to be vague or overbroad, or to permit unreasonable seizures.

■ Adcock next contends that the seizure of his vehicle was violative of due process because he was not afforded a preseizure hearing. It is settled law, however, that there is no "requirement of preseizure notice and hearing in a forfeiture case." *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1147 (9th Cir. 1989); *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 450 n. 5 (9th Cir.1983), *cert. denied*, 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984).

Finally, Adcock argues that this case was inappropriate for summary judgment disposition because of the existence of a genuine issue of material fact, *i.e.*, whether the Ferrari was used in violation of the federal forfeiture statute. As reflected in our discussion of Adcock's initial assignment of error, however, the facts are undisputed; Adcock's point of contention is whether or not the facts of this case constitute a violation of the terms of the forfeiture statute. This question merely concerns the application of the law to the undisputed facts and as such is appropriate for summary judgment. *See* Fed.R.Civ.P. 56(c). Reiterating our prior holding that the district court properly concluded that the use of the Ferrari was in violation of 21 U.S.C. § 881(a)(4), we conclude in addition that the district court committed no error in granting the government's motion for summary judgment, and affirm.