**Eric E. ULMER, Plaintiff,**

v.

**CITY OF OVERLAND PARK, KANSAS, et al., Defendants.**

Civ. A. No. 90–2179–V.

United States District Court, D. Kansas.

Feb. 4, 1992.

Bruce C. Hedrick, Overland Park, Kan., Walter K. Disney, Kansas City, Mo., for plaintiff.

Barbara W. Foster, Foster and Foster, Overland Park, Kan., James L. Eisenbradt, Bryan, Cave, McPheeters & McRoberts, Leawood, Kan., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Plaintiff Eric E. Ulmer brings this action against defendants City of Overland Park, Kansas, Detective Bill Falk, Major John Round, and Sergeant Charles Tippie, alleging that, by seizing his 1977 Porsche automobile, defendants deprived him of certain constitutional rights in violation of 42 U.S.C. §§ 1981, 1982, and 1983. Defendants now move the court for summary judgment pursuant to Fed.R.Civ.P. 56(b) (Doc. 23).[1] Plaintiff has responded, oppos-

es defendants' motion, and moves the court for partial summary judgment pursuant to Fed.R.Civ.P. 56(a) (Doc. 30). For the reasons stated below, defendants' motion for summary judgment is granted and plaintiff's motion for partial summary judgment is denied.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the court should interpret the rule in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Thus, the court's proper inquiry is "whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553–54. Rule 56, however, imposes no requirement on the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323, 106 S.Ct. at 2553 (emphasis in original). Once the moving party has properly supported its motion for summary judgment, the burden of production shifts to the nonmoving party. "A party

---

1. Also pending is defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. 7). Because defendants' motion for summary judg-

ment resolves the case, the court considers the motion to dismiss to have been subsumed in that motion.

opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court reviews the evidence on summary judgment under the substantive law and based on the evidentiary burden that the parties will face at trial on the particular claim. *Id.* at 254, 106 S.Ct. at 2513.

In their memorandum in support of their motion for summary judgment, defendants have set forth a statement of material facts which they offer as uncontroverted. D.Kan. Rule 206(c). The asserted uncontroverted facts are properly supported by references to deposition testimony and other admissible materials. Fed.R.Civ.P. 56(c); D.Kan.Rule 206(c). Through the asserted facts, defendants purport to show that plaintiff cannot, as a matter of law, establish that he was deprived of any constitutional rights. Plaintiff, in his opposition to defendants' motion, has failed to properly controvert any of defendants' asserted uncontroverted facts. Therefore, for the purposes of summary judgment, the facts, as set forth below, are deemed admitted. D.Kan.Rule 206(c).

Plaintiff, during the relevant times of this case, resided outside the city limits of Overland Park, Kansas, at 15437 Overbrook Lane, Stanley, Kansas. Defendant City of Overland Park, Kansas ("City"), was at the time, and presently is, a municipality organized pursuant to the laws of the State of Kansas. Defendants Falk, Round, and Tippie were, at all relevant times, law enforcement officers employed by defendant City. Apparently, defendants Falk and Round occupied supervisory positions within the law enforcement department.

In late spring and early summer, 1989, plaintiff's eighteen-year-old son, Eric Christian Ulmer, resided with his parents at the above-noted address. At the time, plaintiff's son had the authority, without first obtaining his parents' permission, to allow visitors into the residence when his parents were absent. Plaintiff's son also possessed a key to the house, access to the attached garage, and a key to plaintiff's 1977 Porsche automobile. Although the automobile was titled in plaintiff's name, plaintiff's son was the primary driver of the 1977 Porsche automobile.

In June and July, 1989, the Overland Park Police suspected that plaintiff's son was selling cocaine. During that time, plaintiff's son was under surveillance and was observed—on at least one occasion—using the 1977 Porsche automobile to transport cocaine for delivery. On July 8, 1989, the Overland Park Police arrested plaintiff's son after he had completed a sale of cocaine. He was charged with six counts of selling cocaine in violation of the Kansas Uniform Controlled Substances Act, K.S.A. 65–4107(b) and K.S.A. 65–4127a, and the Kansas Criminal Code, K.S.A. 21–4501(c). On October 11, 1989, plaintiff's son pleaded guilty in the District Court of Johnson County, Kansas, to one count of selling cocaine. The remaining five counts were dismissed.

On July 11, 1989, defendant Tippie contacted plaintiff's son and advised him that the 1977 Porsche automobile was subject to forfeiture because it had been used in the commission of a crime in violation of the Kansas Uniform Controlled Substances Act. *See* K.S.A. 65–4135. That afternoon, plaintiff's son transported defendant Tippie to his parents' home. Both plaintiff and his wife were absent when the two arrived. Plaintiff's son opened the house and permitted defendant Tippie to enter. Once inside, plaintiff's son gave defendant Tippie a key to the automobile and directed him to the garage. Defendant Tippie gave plaintiff's son a receipt for the 1977 Porsche automobile and drove it away.

One and one-half hours after defendant Tippie had seized plaintiff's automobile, defendant City, pursuant to K.S.A. 65–4171 *et seq.*, filed a Petition for Forfeiture against the automobile in the District Court of Johnson County, Kansas, in the case styled

*City of Overland Park, Kansas v. 1977 Porsche Automobile*, No. 89–C–7493. Later that same afternoon, the District Court of Johnson County, Kansas, issued an order for seizure and an order to show cause why the automobile should not be forfeited under K.S.A. 65–4135.

In November, 1989, plaintiff filed a motion for summary judgment in the state court forfeiture action, seeking to recover his automobile. The District Court of Johnson County, Kansas, denied the motion and the case proceeded to trial on January 17, 1990. At the conclusion of the trial, the court found that the 1977 Porsche automobile had been used by plaintiff's son in the commission of a crime in violation of the Kansas Uniform Controlled Substances Act and that plaintiff's son had been the primary driver of the automobile. Despite these findings, the district court ordered that the 1977 Porsche automobile be returned to plaintiff.

Thereafter, on May 29, 1990, plaintiff filed this action, claiming that, by seizing his automobile, defendants deprived him of rights secured by the First, Fourth, and Fourteenth Amendments in violation of 42 U.S.C. §§ 1981, 1982, and 1983. As relief for defendants' alleged misconduct, plaintiff seeks both compensatory and punitive damages, as well as attorneys' fees.

Defendants, in their motion for summary judgment, contend that they are entitled to judgment as a matter of law on several grounds. First, defendants contend that plaintiff has failed to state a cause of action under either 42 U.S.C. § 1981 or 42 U.S.C. § 1982. Second, defendants Falk, Round, and Tippie contend that they are shielded from civil liability under 42 U.S.C. § 1983 because of qualified immunity. Third, defendant City seeks summary judgment on plaintiff's 42 U.S.C. § 1983 claim, contending that plaintiff has failed to state a claim upon which relief can be granted. Before addressing the merits of defendants' contentions, it is necessary to address several contentions raised by plaintiff in opposition to these contentions and in support of his motion for partial summary judgment.

## PLAINTIFF'S CONTENTIONS

Plaintiff advances two arguments in opposition to defendants' motion and in support of his motion for partial summary judgment which the court wishes to address. First, plaintiff contends that he is entitled to summary judgment because the Kansas forfeiture statute is unconstitutional. Second, he contends that he is entitled to summary judgment because defendants seized his automobile outside their geographical jurisdiction. The court rejects both contentions.

■ Plaintiff contends that the Kansas forfeiture statute is unconstitutional because it permits the seizure of property without due process of law. As noted, defendants seized plaintiff's automobile pursuant to the Kansas Uniform Controlled Substances Act, K.S.A. 65–4101 *et seq.* The pertinent portions of the Act provide:

**Forfeitures.** (a) The following are subject to forfeiture:

\* \* \* \* \* \*

(4) all conveyances ... which are used or intended for use to transport or in any manner to facilitate the transportation, sale, receipt, possession, concealment, purchase, exchange or giving away of [controlled substances] ...

\* \* \* \* \* \*

(b) Property subject to forfeiture under this act may be seized by any law enforcement officer upon process issued by any district court having jurisdiction over the property. Seizure by a law enforcement officer may be made without process if:

\* \* \* \* \* \*

(3) there is probable cause to believe that the property was used in violation of this act

. . . .

K.S.A. 65–4135(a)(4) and (b)(3). Once property is seized pursuant to subsection (b)(3), proceedings pursuant to K.S.A. 65–4171 must be implemented promptly. K.S.A. 65–4135(c).

The court notes that K.S.A. 65–4135 is virtually identical to the federal forfeiture

statute, 21 U.S.C. § 881. *See State ex rel. Love v. One 1967 Chevrolet El Camino,* 247 Kan. 469, 473, 799 P.2d 1043 (1990) (recognizing that the two statutes are nearly identical). Regarding the federal statute, courts have held that "there is no requirement of preseizure notice and hearing in a forfeiture case." *United States v. One 1980 Red Ferrari,* 875 F.2d 186, 189 (8th Cir.1989) (cites omitted). Similarly, the court concludes that there is no requirement of preseizure notice and hearing in a Kansas state forfeiture case. After plaintiff's automobile had been seized, judicial proceedings were implemented promptly. Plaintiff has not shown that he was deprived of property without due process of law or that the civil forfeiture statute is unconstitutional.

▄ Plaintiff's second contention is that in forfeiture cases K.S.A. 22–2401a(2)(a) limits the geographical jurisdiction of law enforcement officers. However, K.S.A. 22–2401a(2)(a) only defines the jurisdiction of law enforcement officers in criminal matters and does not implicate civil seizures and forfeitures. The court's review of the civil forfeiture statute leads to the conclusion that it does not geographically limit a law enforcement officer's authority. The statute simply says that "[s]eizure by a law enforcement officer may be made without process if: ... (3) there is probable cause to believe that the property was used in violation of this act." K.S.A. 65–4135(b)(3). From this language, the court concludes that defendants did not exceed their authority in seizing plaintiff's car. In any event, if defendants exceeded their authority, plaintiff has not shown the court how that conduct violated his constitutional rights. *See Davis v. Scherer,* 468 U.S. 183, 194, 104 S.Ct. 3012, 3019, 82 L.Ed.2d 139 (1984).

Having rejected plaintiff's contentions, the court will consider the merits of defendants' contentions.

### DEFENDANTS' CONTENTIONS

*Plaintiff's 42 U.S.C. §§ 1981 and 1982 Claims*

▄ In his complaint, plaintiff alleges that defendants, "in violations [*sic*] of Title 42 U.S.C. Sections 1981 (equal rights) [and] 1982 (property rights) ... did on the 11th day of July 1989, without authority, enter the plaintiffs [*sic*] home and take possession of the plaintiffs [*sic*] automobile...." Pl. Complaint, ¶ 4 (Doc. 1). In their motion, defendants contend that plaintiff's sections 1981 and 1982 claims must fail because plaintiff has failed to allege that he is the victim of any class-based animus. The court agrees.

A plaintiff states a cause of action under either section 1981 or 1982 only by alleging a deprivation of rights because of class-based animus, such as discrimination on the basis of race. *St. Francis College v. Al-Khazraji,* 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987) (section 1981); *Shaare Tefila Congregation v. Cobb,* 481 U.S. 615, 107 S.Ct. 2019, 95 L.Ed.2d 594 (1987) (section 1982). Construing plaintiff's complaint liberally, the court cannot conclude that plaintiff has alleged a deprivation of rights as a result of any class-based animus on defendants' part. The court also notes that, at his deposition, plaintiff admitted that he is not the victim of any class-based animus. D. Brief, E. Ulmer Depo., p. 16 (Doc. 24). Accordingly, the court concludes that defendants are entitled to summary judgment on plaintiff's 42 U.S.C. §§ 1981 and 1982 claims.

*Plaintiff's 42 U.S.C. § 1983 Claims*

Plaintiff claims that, by seizing his 1977 Porsche automobile, defendants deprived him of his right to due process under the Fourteenth Amendment, his right to be free from unreasonable searches and seizures under the Fourth Amendment, and his right to equal access to the courts under the First Amendment, all in violation of 42 U.S.C. § 1983. The court will address defendants' arguments in support of its motion as they relate to these claims.

#### A. *Liability of the Individual Defendants*

As noted above, defendants Falk, Round, and Tippie move for summary judgment on

plaintiff's section 1983 claims on qualified immunity grounds.

■ Generally, public officials performing discretionary functions enjoy qualified immunity from civil damages liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). On a motion for summary judgment based on a defense of qualified immunity, the relevant question is whether a reasonable official could have believed his acts were lawful in light of clearly established law and the information the official possessed at the time of his allegedly unlawful conduct. *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987). In *Creighton,* the Supreme Court observed:

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violated that right. That is not to say that an official act is protected by qualified immunity unless the very action in question has previously been held unlawful; but is to say that in light of our pre-existing law the unlawfulness must be apparent.

*Id.,* 483 U.S. at 635, 107 S.Ct. at 3037.

Because defendants have claimed summary judgment on the basis of qualified immunity, plaintiff bears a heavier burden than is generally imposed on summary judgment. Plaintiff has the burden of showing that defendants violated clearly established law. *Hannula v. City of Lakewood,* 907 F.2d 129, 131 (10th Cir.1990). To sustain this burden, "plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing the defendant[s'] actions were clearly prohibited." *Id.*

■ Once plaintiff has sustained his burden of identifying the clearly established law that defendants are alleged to have violated and the conduct that violated that law, defendants must show that no material issues of fact remain as to whether their actions were objectively reasonable in light of the law and the information they possessed at that time. A showing of objective reasonableness entitles defendants to summary judgment unless plaintiff shows that there are factual disputes relevant to the claims of immunity. *Martin v. Board of County Commissioners,* 909 F.2d 402, 405 (10th Cir.1990).

■ It is clearly established that persons may not be subjected to unreasonable searches and seizures, deprived of property without due process of law, nor deprived of equal access to the courts. *See, e.g., Pueblo Neighborhood Health Centers, Inc. v. Losavio,* 847 F.2d 642, 647 (10th Cir.1988). Plaintiff has alleged that defendants deprived him of these clearly established rights by seizing his automobile without a warrant, without probable cause, and without following the Kansas forfeiture statutes. Plaintiff has thus identified clearly established constitutional rights and has alleged conduct on the part of defendants that would clearly be prohibited. Thus, to be entitled to summary judgment, defendants must show that their conduct was objectively reasonable under the circumstances.

The court concludes that defendants' have shown that their conduct was objectively reasonable under the circumstances. Defendants suspected that plaintiff's son was selling cocaine. In June and July, 1989, defendants observed plaintiff's son using the 1977 Porsche automobile in at least one drug transaction. Plaintiff's son was later arrested for selling cocaine. Under K.S.A. 65–4135, automobiles that are used to facilitate the sale of cocaine are subject to seizure without process of court where the law enforcement officer has probable cause to believe that the automobile was used to facilitate the sale of cocaine. The court concludes that, under the circumstances, defendants had probable cause to believe that the automobile was being used to facilitate the sale of cocaine. The fact that the state district court found that the automobile had been used to sell cocaine supports the court's finding of probable cause in this case. Also, at the time, plaintiff's son was eighteen years old

and the primary driver of the vehicle. He voluntarily turned the 1977 Porsche automobile over to defendant Tippie. Further, plaintiff has not shown that defendants violated the Kansas civil forfeiture statute. The court thus concludes that defendants' conduct was objectively reasonable under the circumstances and that defendants are, accordingly, entitled to summary judgment on plaintiff's section 1983 claims for alleged violations of the Fourth and Fourteenth Amendments. Also, the court notes that plaintiff has failed to show how he was deprived of equal access to the courts in violation of the First Amendment. Defendants are also entitled to summary judgment on that claim. In sum, the individual defendants are entitled to qualified immunity and, thus, summary judgment in this case.

## B. *Liability of Defendant City*

Defendant City has moved for summary judgment on plaintiff's section 1983 claim asserted against it on the ground that plaintiff's allegations fail to state a claim upon which relief can be granted.

██ Although the Supreme Court has recognized that municipalities are "persons" within the meaning of 42 U.S.C. § 1983, and thus can be sued directly for depriving citizens of constitutional rights, the Court has repeatedly instructed that municipal liability for deprivation of rights by one of its employees cannot be based on *respondeat superior* theory. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694–95, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978); *see, also, Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 1202–03, 103 L.Ed.2d 412 (1989); *St. Louis v. Praprotnik*, 485 U.S. 112, 122–23, 108 S.Ct. 915, 923–24, 99 L.Ed.2d 107 (1988). Rather, a municipality incurs liability under section 1983 only when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," *Monell*, 436 U.S. at 690, 98 S.Ct. at 2035–36, or when the constitutional deprivations are the result of a "governmental custom, even though such a custom has not received formal approval through the body's official decision making channels." *Id.* at 690–91, 98 S.Ct. at 2036.

██ Furthermore, proof of a single incident of unconstitutional activity is insufficient to establish liability under *Monell*. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985). "Considerably more proof than a single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *Id.* (footnotes omitted).

██ Here, plaintiff's complaint appears to state a claim against defendant City only under a *respondeat superior* theory. Also, plaintiff has failed to allege in his complaint that it was a policy or custom of defendant City to deprive individuals of constitutional rights when seizing property under K.S.A. 65–4135. Furthermore, and most significantly, plaintiff has presented the court with no material that would establish liability on the part of defendant City in this case. Because plaintiff has failed to meet the burden of producing specific evidence showing a custom, policy or practice actionable under section 1983, the court grants defendants' motion for summary judgment on plaintiff's section 1983 claims asserted against defendant City.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for summary judgment (Doc. 23) is granted. Defendants' motion to dismiss (Doc. 7) is also granted.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment (Doc. 30) is denied.

Copies of this memorandum and order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.