21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Casmore A. STEWART, Claimant-Appellant,
and
U.S. Currency $26,400, Defendant.
 No. 93-1642.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1994.
Decided March 22, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CA-91-59-CIV-3-BR)
 David Bruce Freedman, White & Crumpler, Winston-Salem, NC, for appellant.
 Stephen Aubrey West, Asst. U.S. Atty. (James R. Dedrick, U.S. Atty., on brief), Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and HALL and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 This is an appeal from a civil forfeiture action. The district court granted summary judgment to the government and ordered the defendant currency forfeited. The claimant Casmore Stewart ("Claimant" or "Stewart") appeals. We affirm.
 
 
 2
 * On June 3, 1991, members of the Police Department of Winston-Salem, North Carolina approached claimant Stewart and Kenneth Edward Smith, who were standing next to a 1988 Oldsmobile.[1] Both Claimant and Smith consented to a search of the car. The officers discovered a clothier shopping bag from Brooklyn, New York, on the rear floorboard of the car. The bag contained $25,510 in cash. The officers also recovered $700 and $200 from Claimant and Smith, respectively. After both men denied ownership of the currency, the officers seized it.[2] The United States brought this forfeiture action against the currency pursuant to 18 U.S.C.A. Sec. 981(a)(1)(A) (West Supp.1993) and 21 U.S.C.A. Sec. 881(a)(6) (West 1981 & Supp.1993).[3] Claimant subsequently filed a verified claim of ownership of the money, which he claimed he had not illegally obtained. After several rounds of motions, the district court denied the Claimant's motion for summary judgment and granted the government's cross-motion for summary judgment. Claimant appeals from the judgment, which ordered forfeiture of the currency to the United States.
 
 II
 
 3
 Our review of the probable cause determination and the grant of summary judgment is de novo. 7715 Betsy Bruce Lane, 906 F.2d at 112; Higgins v. E.I. Du Pont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988).
 
 
 4
 In civil forfeiture cases pursuant to Sec. 881(a)(6), the United States has the initial burden of establishing probable cause to believe that the money was substantially connected to illegal drug activity. United States v. Thomas, 913 F.2d 1111, 1114 (4th Cir.1990); see 21 U.S.C.A. Sec. 881(d) (incorporating 19 U.S.C.A.Sec. 1615 (West 1980 & Supp.1993)). The United States is required to show less than prima facie proof but more than mere suspicion. 7715 Betsy Bruce Lane, 906 F.2d at 112. Probable cause may be established by circumstantial evidence. Id. at 113.
 
 
 5
 If, upon a showing of probable cause, the claimant cannot produce evidence sufficient to prove by a preponderance of the evidence that the property is not connected to illegal activity, the property may be properly forfeited. Thomas, 913 F.2d at 1114 (quoting United States v. One 1980 Red Ferrari, 875 F.2d 186, 188 (8th Cir.1989)).
 
 III
 
 6
 Claimant contends that the government failed to produce sufficient evidence of probable cause that a substantial connection existed between the money and an illegal activity. We do not agree, and find that the undisputed facts in the record support the district court's conclusion.
 
 
 7
 A large sum of money was found in a shopping bag on the rear floorboard of a rental car,[4] and both Claimant and his friend initially denied ownership of the money. Taken together, these facts suggest that the money was connected with illegal activity. United States v. $215,300 United States Currency, 882 F.2d 417, 419 (9th Cir.1989) (per curiam), cert. denied, 497 U.S. 1005 (1990).
 
 
 8
 In addition, Smith, Claimant's companion on the day of the seizure, told the investigators that the money was the proceeds of illegal drug sales. According to an affidavit by John K. Walker, an Internal Revenue Service Special Agent, Smith told the investigators that the seized money came from "crack" cocaine sales by Winston-Salem drug dealers; Smith and Stewart collected the money, and had done so numerous times in the past; Claimant Stewart or a courier would take the currency to New York to purchase a kilogram of "crack" cocaine; and the drugs would be transported on an Amtrak train to Fayetteville, North Carolina, and then brought to Winston-Salem for sale. (J.A. at 111-13).
 
 
 9
 Claimant contends that hearsay statements may not be considered on a motion for summary judgment. The Federal Rules, however, require only that summary judgment affidavits "be made on personal knowledge, ... set forth such facts as would be admissible in evidence, and ... show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e). Walker's affidavit meets these criteria: he asserts that he interviewed Smith and that Smith made the statements to him. The hearsay statements by Smith would be admissible through Walker's testimony at a forfeiture trial to establish probable cause. 7715 Betsy Bruce Lane, 906 F.2d at 113 (holding that "hearsay evidence may be considered in a probable cause determination") (citing United States v.1982 Yukon Delta Houseboat, 774 F.2d 1432, 1434 (9th Cir.1985)); see United States v. $250,000 in United States Currency, 808 F.2d 895, 899 (1st Cir.1987). As such, they may also be used on a motion for summary judgment to support the government's burden of showing probable cause. Cf. United States v. One 56-Foot Motor Yacht Named the Tahuna, 702 F.2d 1276, 1283 (9th Cir.1983).
 
 
 10
 Therefore, in considering whether to rely upon the Walker affidavit, the focus is not upon whether the evidence contained therein is hearsay, " 'but only upon the legal sufficiency and reliability of the evidence.' " 7715 Betsy Bruce Lane, 906 F.2d at 113 (quoting 1982 Yukon Delta Houseboat, 774 F.2d at 1434 (other citation omitted)). We find Smith's statements reliable: the statements are sufficiently particular, are corroborated by other evidence in the record, and are against Smith's penal interests. See One 56-Foot Motor Yacht, 702 F.2d at 1283-84. The statements therefore may be considered for the purpose of establishing probable cause.
 
 
 11
 Given the large sum of cash recovered from the shopping bag, the Claimant's initial denial of ownership of the money, and the statements by Smith that the money was the proceeds of "crack" cocaine sales, we find probable cause that the money is substantially connected to illegal drug trafficking. Therefore, because Claimant offered no evidence in rebuttal, forfeiture of the money was proper.
 
 IV
 
 12
 Claimant also contends that the district court found probable cause in part by improperly relying upon evidence that is protected by the Fifth Amendment privilege against self-incrimination. Specifically, Claimant contests the district court's reliance upon an allegedly compelled answer to an interrogatory. In his answer to Interrogatory No. 6, Claimant admitted that he had not been employed in a paying job since 1989, two years prior to the seizure.[5]
 
 
 13
 We need not decide this issue. Even assuming that the district court's reliance upon this evidence was erroneous, we do not rely upon Claimant's answer in reaching our conclusion that probable cause exists. As such, any error by the district court was harmless.[6]
 
 V
 
 14
 Claimant further argues that the forfeiture violates the Excessive Fines Clause of the Eighth Amendment. See Austin v. United States, 113 S.Ct. 2801 (1993) (holding that the Excessive Fines Clause applies to civil forfeitures of property pursuant to 21 U.S.C.A. Secs. 881(a)(4) and (a)(7)). We find Claimant's argument to be without merit. The money seized from Claimant was forfeitable as the proceeds of illegal drug trafficking. Although "the proportional relationship of the value of the proceeds to the harm occasioned by a defendant's criminal conduct may, in a given case, be relevant under the Supreme Court's approach in Austin," United States v. Borromeo, 1 F.3d 219, 221 (4th Cir.1993), this is not such a case. The seizure in this case was necessarily proportionate to the underlying criminal activity.
 
 VI
 
 15
 For the reasons stated, the judgment of the district court is
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Prior to approaching Claimant and Smith, the officers observed them operating the vehicle
 
 
 [2]
 Neither Claimant nor Smith have been criminally charged in relation to this incident. Conviction for the underlying offense, however, is not a prerequisite to a civil forfeiture. United States v. One Parcel of Real Estate located at 7715 Betsy Bruce Lane, 906 F.2d 110, 111-12 (4th Cir.1990)
 
 
 [3]
 The district court relied only upon 21 U.S.C.A. Sec. 881(a)(6), as does the government in defending the district court's order of forfeiture. As such, we base our decision on that section, which provides for the forfeiture of:
 [a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.
 21 U.S.C.A. Sec. 881(a)(6).
 
 
 [4]
 The district court made contradictory statements in its opinion regarding where the bag was found. In its fact section, it stated that the bag was "on" the rear floorboard. In its legal discussion, however, it stated that it was "under" the floorboard. Claimant contends that, because the district court relied on the "under the floorboard" finding in reaching its determination of probable cause, the district court's order is therefore erroneous. Even if the district court erred, the error is harmless. Our review is de novo. Upon consideration of the undisputed fact that the bag was on the rear floorboard as well as the other undisputed facts in the record, we believe that the government established probable cause
 
 
 [5]
 Interrogatory No. 6 requested the following information from Claimant:
 List by name, address, current or last known telephone number each and every employer for whom you have worked and for whom your spouse has worked during the past five years, specifying for each the following: the inclusive dates of employment; the duties of employment; the amount of gross and net monthly salary; the reasons for leaving the employment.
 (J.A. at 28).
 
 
 [6]
 Moreover, it appears that the Claimant was not compelled by the district court's order to answer the interrogatory. The district court ultimately rejected Claimant's blanket claim of privilege, and ordered him
 to respond to the government's discovery request ... claiming a Fifth Amendment privilege only on those specific requests which legitimately support such a claim. Claimant is specifically directed to respond to the following requests for admissions: 1, 3, 4 and 5; and the following interrogatories: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14.
 (J.A. at 115-16 (Order filed Oct. 28, 1992)). Although Claimant then answered most of the specifically enumerated requests and interrogatories, including No. 6 which asked about his employment history, he continued to assert his Fifth Amendment privilege to Interrogatories Nos. 5 and 13--two of the ones that the district court had instructed him to answer. (J.A. at 117-19). As such, it seems that Claimant did not believe that the district court's order compelled him to answer all of the interrogatories enumerated by it. As such, we believe that he waived his Fifth Amendment privilege by answering Interrogatory No. 6 regarding his past employment.